UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| PRESSLEY B. ALSTON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 09-1397 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 25 |
| | : | | |
| FEDERAL BUREAU OF INVESTIGATION, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### GRANTING THE DEFENDANT'S MOTION TO VACATE THE AUGUST 20, 2009 ORDER GRANTING THE PLAINTIFF LEAVE TO PROCEED *IN FORMA PAUPERIS*

### I. INTRODUCTION

This matter comes before the court on the defendant's motion to vacate the court's August 20, 2009 order, which granted the *pro se* plaintiff leave to proceed *in forma pauperis* ("IFP"). As elaborated below, the court determines that the plaintiff has on three or more prior occasions, while incarcerated, brought an action in a court of the United States that was dismissed on the grounds that it was frivolous or failed to state a claim upon which relief may be granted. In accordance with 28 U.S.C. § 1915(g) (the "three strikes rule"), the court grants the defendant's motion to vacate the August 20, 2009 order and orders that the plaintiff pay the filing fee in order to proceed with his action or suffer dismissal.

### II. FACTUAL & PROCEDURAL BACKGROUND

The plaintiff, a *pro se* litigant currently incarcerated in Florida, commenced this action against the Federal Bureau of Investigation ("FBI"), seeking redress under the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552. Compl. at 1. The court granted him leave to proceed IFP on August 20, 2009.[1] Minute Order (August 20, 2009). The defendant now asks the court to vacate that order, arguing that at least three actions previously commenced by the plaintiff have been dismissed and constitute strikes under the three strikes rule of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). Def.'s Mot. at 1. To date, the plaintiff has failed to respond to the defendant's motion. With this motion ripe for adjudication, the court turns to the applicable legal standard and the government's arguments.

### III. ANALYSIS

#### A. Legal Standard for PLRA Strikes

The PLRA "limits courts' discretion to grant [IFP] status to prisoners with a track record of frivolous litigation." *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 431 (D.C. Cir. 2007) (citing 28 U.S.C. § 1915(g)). This provision, commonly referred to as the three strikes rule, requires that the court deny a prisoner's motion to proceed under IFP status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g); *see also Thompson*, 492 F.3d at 430 (providing a thorough analysis of the three strikes rule). A dismissal, however, does not constitute a strike for purposes of the rule if "at least one claim within an action or appeal falls outside section 1915(g)." *Thompson*, 492 F.3d at 432. In other words, in order to constitute a strike, every claim in the dismissed action must have been

---

[1] Although the defendant asks that the court vacate its "Order . . . of January 13, 2010," Def.'s Mot. at 1, it is clear that the subject of the defendant's motion is the court's August 20, 2009 order.

dismissed as frivolous, malicious or for failure to state a claim. *Id.*

The defendant carries the initial burden of producing evidence challenging a prisoner's IFP status. *Id.* at 435-36. The court may, however, take judicial notice of evidence "[w]hen [it is] readily available." *Id.* at 436. Once such evidence is offered, "the ultimate burden of persuasion shifts back to the prisoner to explain why the past dismissals should not count as strikes." *Id.* at 436.

A prisoner may also show that he is exempt from the three strikes provision because his case falls under the "imminent danger exception." *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 420 (D.C. Cir. 2010). To qualify under this exception, the prisoner must show that the action is connected to the imminent danger, *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009), and that it relates to the claim which the defendant seeks to dismiss, *Mitchell*, 587 F.3d at 420. In evaluating whether the imminent danger exception applies, a court is limited "only to the documents attesting to the facts at [the] time" that a prisoner filed his complaint. *Id.*; *see also Ibrahim v. Dist. of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006).

### B. The Plaintiff Has Three Strikes

#### 1. Strike One

In *Alston v. Jacksonville Sheriff's Office*, Civ. No. 3:02-363 (M.D. Fla. April 29, 2002) (Order), the Middle District of Florida dismissed the plaintiff's 28 U.S.C. § 1983 ("§ 1983") action because the plaintiff failed to state a claim against any of the named defendants. *See* Def.'s Notice, Ex. 1 ("*Alston I*") at 4 (noting that "the plaintiff has alleged no causal connection between *any* of the named Defendants and *any* constitutional deprivation" and indicating that such causal connection is an "essential element" of a § 1983 claim). Although the *Alston I* court also relied on the Eleventh Amendment's immunity for state actors to dismiss the claims against

certain defendants, it is clear from the dismissal order that immunity constituted as *alternative* grounds for dismissal. *Id.* Because the order indicates that the plaintiff's entire action was dismissed for failure to state a claim, this dismissal constitutes the plaintiff's first strike. *Gay v. Suter*, 2008 WL 2628435, at *1 (D.D.C. June 30, 2008) (counting as a strike a dismissal based on frivolousness and, in the alternative, the defendant's immunity from suit).

### 2. Strike Two

In *Alston v. U.S. Dist. Court, M.D. Fla, Jacksonville Div., et al.*, Civ. No. 3:02-364 (M.D. Fla. April 29, 2002) (Order), the court again dismissed the plaintiff's action because it was clear from his complaint that he could not show an essential element of a § 1983 action. *See* Def.'s Notice, Ex. 2 ("*Alston II*") at 3 (noting that it was "clear that both named Defendants do not and were not acting under color of state law," which the court notes is an "essential element" of a § 1983 claim). Because the *Alston II* court dismissed the action due to the plaintiff's failure to state a claim, the dismissal counts as the plaintiff's second strike. 28 U.S.C. § 1915(g).

### 3. Strike Three

In *Alston v. Glover*, Civ. No. 03-1851 (D.D.C. Oct. 23, 2003) (Mem. Order) ("*Alston III*"),[2] the plaintiff requested that "the court review his criminal and post-conviction proceedings conducted in the Middle District of Florida" and award him damages. *Alston III* at 1. The *Alston III* court noted that the claim for damages was "not cognizable without a showing or at least an allegation . . . that his conviction ha[d] been invalidated by reversal on direct appeal, expungement by executive order, declaration of invalidity by a state tribunal authorized to make

---

2   Although this case was not referenced in the defendant's motion, the court is permitted to rely on any evidence that is "readily available." *Thompson*, 492 F.3d at 436 (noting that either the defendant or the court can produce evidence challenging the plaintiff's IFP status).

4

such determination, or a federal court's issuance of a writ of habeus corpus." *Alston III* at 1-2 (noting that *Heck v. Humphrey* requires that the plaintiff must prove that his conviction has already been overturned before the plaintiff could bring his civil suit (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994))).

"A dismissal under *Heck* is considered a basis for assessing a "strike" for purposes of 28 U.S.C. § 1915(g)." *Jones v. Lieber*, 2010 WL 1958127, at *1, n.1 (D.D.C. May 13, 2010) (citing *Reese v. D.C. Metro. Police*, 2001 WL 410449, at *1 (D.C. Cir. Mar. 15, 2001)). Indeed, the Circuit itself has dismissed an appeal as frivolous and counted such the dismissal as a strike where the appellant did not conform to the requirements mandated by *Heck*. *Reese*, 2001 WL 410449, at *1; *see also Hazel v. Reno*, 20 F. Supp. 2d 21, 24 (D.D.C. 1998) (concluding that a complaint "barred by *Heck*" is appropriately dismissed as frivolous). Because the *Alston III* court relied on § 1915A(b)(1)[3] and *Heck* in dismissing the plaintiff's claim, the court concludes that *Alston III* counts as the plaintiff's third strike.[4] Accordingly, the plaintiff has three strikes under § 1915(g), and because the plaintiff does not allege that he is in any imminent danger

---

[3] The *Alston III* court, in a typographical error, cites 28 U.S.C. § 1915A(b)(2) as a ground for dismissal. *See Alston v. Glover*, Civil Action No. 03-1851 (D.D.C. October 23, 2003) ("*Alston III*"). Section 1915A(b)(2) allows for dismissal if the plaintiff seeks a monetary award from a defendant who is clearly immune from relief. 28 U.S.C. § 1915A(b)(2). *Alston III*, however, contained no discussion of immunity. *See generally Alston III*. Instead, it is clear that the court intended to dismiss pursuant to 28 U.S.C. § 1915A(b)(*1*), which concerns dismissal for failure to state a claim. *See Alston III* at 1 (noting that the plaintiff's claim was "not cognizable" without a showing as required by *Heck*).

[4] It appears that the plaintiff is an abusive filer. A search on the Public Access to Court Electronic Records ("PACER") service reveals that the plaintiff has filed fifty-two cases in the past ten years. *Butler v. Dep't of Justice*, 492 F.3d 440, 444 (D.C. Cir. 2007) (noting that prisoners who repeatedly file as some sort of "past time" may be stripped of their IFP privileges). The court also takes note that the Middle District of Florida has repeatedly held that the plaintiff has exhausted his strikes under the PLRA. *See e.g.*, *Alston v. Florida*, Civ. No. 3:05-11 (M.D. Fla. Jan. 7, 2005) (Order); *Alston v. Federal Bureau of Prisons*, Civ. Action No. 3:04-197 (M.D. Fla. May 24, 2004) (Order); *Alston v. Glover*, No. 3:02-cv-399 (M.D. Fla. May 1, 2002) (Order).

related to his FOIA action, the court strips him of his IFP status.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendant's motion to vacate the order granting the plaintiff leave to proceed IFP.  Within 30 days of this Order, plaintiff shall pay to the Clerk of Court the filing fee of $350.00 to maintain this action or suffer dismissal of the case. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 2nd day of November, 2010.

                                                            RICARDO M. URBINA
                                                            United States District Judge