UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PRESSLEY B. ALSTON,           :
                              :
        Plaintiff,            :    Civil Action No.:    09-1397 (RMU)
                              :
    v.                        :
                              :
FEDERAL BUREAU                :
OF INVESTIGATION,             :
                              :
        Defendant.            :

# MEMORANDUM OPINION

### DISMISSING THE CASE WITHOUT PREJUDICE

The plaintiff, a *pro se* litigant currently incarcerated in Florida, commenced this action against the Federal Bureau of Investigation ("FBI"), seeking redress under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Compl. at 1. The court granted him leave to proceed *in forma pauperis* on August 20, 2009. Minute Order (August 20, 2009). On November 2, 2010, the court determined that at the time that the plaintiff commenced this action, he had accumulated three or more "strikes" as defined by 28 U.S.C. § 1915(g).[1] *See generally* Mem Op. (Nov. 2, 2010). The court thus vacated its previous order granting the plaintiff *in forma pauperis* status and directed the plaintiff to pay the $350 filing fee applicable to this civil action within thirty days or suffer dismissal of the case. *See* Order (Nov. 2, 2010).

To date, the plaintiff has not paid the filing fee, and his most recent filing, a motion for

---

[1] Under 28 U.S.C. 1915(g), the court is required to deny a prisoner's motion to proceed under *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

"Accrocher Litigation" provides no basis for reconsideration of that order.[2] *See generally* Pl.'s Mot. for Accrocher Litigation. Because the plaintiff was warned that his case would be dismissed if he did not pay the filing fee, and because such a filing fee has not yet been paid, the court dismisses the above-captioned case without prejudice. *See Benavides v. Drug Enforcement Admin.*, Civ. No. 10-043, (D.D.C. August 20, 2010) (Dismissal Order) (dismissing the case without prejudice because the plaintiff, whose *in forma pauperis* status had been revoked, failed to pay the filing fee within the allotted time).

An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 2nd day of February, 2011.

RICARDO M. URBINA<br>United States District Judge

---

[2] The plaintiff suggests, without providing any legal authority, that the court does not have the authority to strip his *in forma pauperis* status. *See* Pl.'s Mot. for Accrocher Litigation at 2. It is beyond cavil, however, that this court may revise any order issued before the entry of a final judgment in any given case. FED. R. CIV. PROC. 54(b).