UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PRESSLEY B. ALSTON,           :
                              :
        Plaintiff,            :       Civil Action No.:    09-1397 (RMU)
                              :
        v.                    :       Re Document No.:     42
                              :
FEDERAL BUREAU                :
OF INVESTIGATION,             :
                              :
        Defendant.            :

MEMORANDUM OPINION

DENYING THE PLAINTIFF'S MOTION FOR RELIEF UPON RECONSIDERATION

The plaintiff, a *pro se* litigant currently incarcerated in Florida, commenced this action against the Federal Bureau of Investigation ("FBI"), seeking relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Compl. at 1. The court granted him leave to proceed *in forma pauperis* on August 20, 2009. Minute Order (August 20, 2009). On November 2, 2010, the court determined that at the time that the plaintiff brought this action, he had accumulated three or more "strikes" as defined by 28 U.S.C. § 1915(g).[1] *See generally* Mem Op. (Nov. 2, 2010). The court thus vacated its previous order granting the plaintiff *in forma pauperis* status and directed him to pay the $350 filing fee applicable to this civil action within thirty days or suffer dismissal of the case. *See* Order (Nov. 2, 2010). Because the plaintiff did not comply with the order to pay the filing fee, the court dismissed his case without prejudice on February 2, 2011. *See generally* Mem. Op. (Feb. 2, 2011) at 2; Order (Feb. 2, 2011).

On February 22, 2011, the court received a submission from the plaintiff captioned: "the

---

[1]     Under 28 U.S.C. 1915(g), the court is required to deny a prisoner's motion to proceed under *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

Plaintiff Pressley Alston Requests a corrective sentensh(iy)a [sic] sententia [sic]." *See generally* Pl.'s Mot. This motion asks the court "to correct its February 2, 2011 final decision." *Id.* at 2. Because the plaintiff filed his motion within twenty-eight days of the court's February 2, 2011 dismissal order, the court construes the plaintiff's motion as a motion for relief upon reconsideration under Federal Rule of Civil Procedure 59(e). *See* FED. R. CIV. P. 59(e). To this date, the defendant has not filed a response.

While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (*per curiam*); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice." *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone*, 76 F.3d at 1208). Moreover, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), or a vehicle for presenting theories or arguments that could have been advanced earlier, *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997).

The court has thoroughly reviewed the plaintiff's submission. *See generally* Pl.'s Mot. Although it is often difficult to comprehend what the plaintiff is stating, the plaintiff appears to argue that dismissal is inappropriate because he has made three partial "*pauperis* payments" toward the filing fee. *Id*. at 1. On November 2, 2010, the court revoked the plaintiff's *in forma pauperis* status and instructed him to pay the full filing fee of $350.00 to maintain his action. Order (Nov. 2, 2010) at 1. Despite this instruction, the plaintiff did not pay the full filing fee of

$350 by the imposed deadline.[2]  Furthermore, the plaintiff still has not tendered the filing fee.

In sum, the plaintiff has not identified an intervening change in the controlling law, or a need to correct a clear legal error or prevent manifest injustice.  *See generally* Pl.'s Mot.  Nor has he proffered any evidence that was not previously available to him.  *Id.*  Accordingly, the court declines to provide any relief upon reconsideration of its dismissal order.  *See Benavides v. Drug Enforcement Admin.*, Civ. No. 10-043, (D.D.C. August 20, 2010) (Dismissal Order) (dismissing the case without prejudice because the plaintiff, whose *in forma pauperis* status had been revoked, failed to pay the filing fee within the allotted time).  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 7th day of November, 2011.

RICARDO M. URBINA
United States District Judge

---

[2]   The court's records indicate that the plaintiff has paid $74.00.